UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OVONIC BATTERY COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SANYO ELECTRIC CO., LTD, <br><br> Defendant. | Case No. 14-cv-01637-JD <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL** <br><br> Re: Dkt. No. 8 |

On April 9, 2014, Ovonic Battery Company, Inc. ("OBC") filed a Petition to Confirm Arbitration Award and Enter Judgment Against Respondent Sanyo Electric Co., Ltd. Dkt No. 1. On April 11, 2014, Plaintiff filed an Administrative Motion to File Under Seal Portions of Amended Petition to Confirm Arbitration Award and Enter Judgment. Dkt. No. 8. The motion is unopposed. The Court grants it in part.

**BACKGROUND**

OBC owns patents on commercial nickel-metal hydride ("NiMH") battery technologies, which have a number of applications ranging from portable batteries (*e.g.*, AA, AAA, etc.) to hybrid electric vehicles ("HEVs"). Dkt. No. 1. OBC has licensed its patents to many producers of NiMH batteries, including Defendant SANYO Electric Co., Ltd. and Panasonic Corporation. *Id.* OBC claims that SANYO manufactures and sells HEV batteries under a royalty bearing license from OBC (the "OBC-SANYO Agreement"), and that on May 16, 2012, SANYO repudiated its obligations to pay royalties under that agreement. *Id.* After the parties were unable to resolve the dispute informally, they agreed to arbitration under the OBC-SANYO Agreement. *Id.* After five days of hearings and pre- and post-hearing briefing, the arbitration panel issued interim and final awards in favor of OBC. *Id.* OBC has petitioned the Court, pursuant to the Federal Arbitration

1  Act ("FAA"), 9 U.S.C. § 9, to confirm the arbitration awards and enter judgment on the final
2  award. *Id.*

3  OBC filed this motion to seal portions of the Amended Petition to Confirm Arbitration
4  Award and Enter Judgment. Dkt. No. 8. OBC asks that portions of its Amended Petition relating
5  to financial and other substantive terms of certain patent licenses be sealed. *Id.* The motion also
6  requests that the exhibits to the Amended Petition -- the arbitration panel's interim and final
7  awards, and the OBC-SANYO Agreement itself -- be sealed in their entirety. *Id.*

## DISCUSSION

### I. Legal Standard

In our circuit, in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a dispositive motion or a non-dispositive motion.

For dispositive motions, the historic "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). This standard presents a "high threshold," and "a 'good cause' showing will not, without more, satisfy" it. *Id*. at 1180 (citations omitted). When ordering sealing in this context, the district court must also "articulate the rationale underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

The non-dispositive motion context is different. There, "the usual presumption of the public's right of access is rebutted," the "public has less of a need for access to court records attached only to non-dispositive motions," and the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179-80 (citations omitted). In that context, materials may be sealed where the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id*. at 1180 (quoting *Foltz*, 331 F.3d at 1138).

1    In our district, in addition to meeting the applicable standard under *Kamakana*, all parties
2  requesting sealing must comply with Civil Local Rule 79-5, including that rule's requirement that
3  the request must "establish[] that the document, or portions thereof, are privileged, protectable as a
4  trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civ. L.R. 79-
5  5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable
6  material."  *Id*.

**II.  Petition to Confirm Arbitration Award and Enter Judgment is Dispositive**

To determine which standard applies to OBC's Administrative Motion to File Under Seal -- "compelling reasons" or "good cause -- the Court must first determine whether the underlying Petition to Confirm Arbitration Award and Enter Judgment is a dispositive or non-dispositive motion.

In the sealing context, our circuit has not provided clear guidance on distinguishing dispositive from non-dispositive motions.  *See Martin v. Wells Fargo Bank, N.A.*, Case No. CV 12-0630-SI, 2013 WL 5441973, at *6 (N.D. Cal. Sept. 30, 2013); *In re Nat'l Sec. Agency Telecomm. Records Litig.,* MDL No. 06-1791 VRW, 2007 WL 549854 (N.D. Cal. Feb. 20, 2007) (noting a "lack of explicit guidance on this issue").  "Absent specific guidance the court looks to the underlying rationale for distinguishing between dispositive and non-dispositive motions." *Martin*, 2013 WL 5441973, at *6.

The language of the FAA provides that in entering judgment on an arbitration award, "[t]he judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action."  9 U.S.C. § 13.  And as a general matter, entering judgment in an action is case dispositive.  *See Roell v. Withrow*, 538 U.S. 580, 592, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003) (analyzing that entering judgment is "case-dispositive power"); *In re Bellingham Ins. Agency*, 702 F.3d 553, 567 n.10 (9th Cir. 2012) (describing the authority to enter final judgments as "case-dispositive authority").  Because OBC's petition requests this Court to enter judgment, an action that is case dispositive, the "compelling reasons" standard should apply to OBC's Administrative Motion to Seal.

3

OBC claims that its petition is not a dispositive motion and that the lower showing of "good cause" applies. Dkt. No. 8. But OBC fails to support that assertion with any authority, and does not account for the cases discussed above. Consequently, the Court will apply the dispositive motion standard.

### A. Amended Petition

OBC's declaration in support of its Administrative Motion to File Under Seal claims the "redacted portions of OBC's Amended Petition relate to highly confidential and sensitive financial and other terms of licenses . . . including the scope of SANYO's and Panasonic's respective rights to use OBC's patents in its various battery products, and the royalty payments SANYO is obligated to make to OBC." Dkt. No. 8-1.

Pursuant to Federal Rule of Civil Procedure 26(c), a district court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Our circuit allows parties to seal pricing terms, royalty rates, and guaranteed minimum payment terms found in a licensing agreement even under the "compelling reasons" standard because that business information could "harm a litigant's competitive standing." *See In re Elec. Arts, Inc.*, 298 Fed. App'x. 568, 569 (9th Cir. 2008). The Federal Circuit has also concluded that under Ninth Circuit law, detailed product-specific financial information and customer information may be sealed under the "compelling reasons" standard where that information could be used to the company's competitive disadvantage. *See Apple Inc. v. Samsung Elec. Co., Ltd.*, 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013).

After reviewing OBC's redactions to the Amended Petition, the Court finds that the public release of the redacted information could place OBC in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing significant harm to OBC's competitive standing. *See In re Electronic Arts*, 298 Fed. App'x at 569. The Court concludes that the "compelling reasons" standard is satisfied with respect to the narrowly tailored redactions, and grants the request to seal the Amended Petition.

4

**B.     Interim & Final Arbitration Awards**

OBC also seeks to seal the interim and final arbitration awards, Exhibits B and C to the Amended Petition, in their entirety.  OBC asserts that those awards "also contain the competitively sensitive terms of confidential licenses."  Dkt. No. 8-1.

This request is not narrowly tailored.  Even under the "good cause" standard of Rule 26(c), a party must make a "particularized showing" with respect to any individual document in order to justify sealing it.  *See Kamakana*, 447 F.3d at 1180; *San Jose Mercury News, Inc. v. U.S. Dist. Court--Northern Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999); Civ. L.R. 79-5.

OBC falls short here because it asks to seal the entire arbitration awards and makes no effort to limit the redactions to sensitive terms of confidential licenses.  Although some portions of the arbitration awards contain information that might be properly sealed, including pricing terms, royalty rates, and any guaranteed minimum payment terms, the documents in their entirety are not sealable.  *See eDigital Corp. v. Research in Motion Ltd.*, Case No. 13-cv-781 DMS, 2013 U.S. Dist. LEXIS 95684 (S.D. Cal. July 8, 2013) (finding that while some portion of the defendants' motion and exhibits that contained trade secrets and/or confidential information should be filed under seal, defendants "failed to make the appropriate showing why the entirety of their motion and exhibits should be sealed").

OBC also claims that the "awards are to remain confidential subject to limited exception according to the governing International Arbitration Rules and order of the Arbitration Panel."  Dkt. No. 8.  "The fact that parties agreed to the confidentiality of certain documents, however, does not alone constitute a compelling reason to seal them."  *Powertech Tech. Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2012 WL 3283421, at *1 (N.D. Cal. Aug. 10, 2012) ("[c]ompelling reasons cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential"); *Kamakana*, 447 F.3d at 1182-83 & n.9 (affirming the magistrate judge's refusal to seal documents attached to summary judgment motions even though the documents were sealed pursuant to the parties' stipulated protective order).

OBC's motion to seal the interim and final arbitration awards is denied without prejudice. OBC may renew its motion to seal only narrowly tailored trade secrets and/or confidential information in the arbitration awards, or provide a particularized showing of harm that would result if the other terms of the arbitration awards were disclosed.

**C.     OBC-SANYO Agreement**

OBC also seeks to seal Exhibit A to the petition, the OBC-SANYO Agreement, in its entirety. OBC contends that the agreement is a "confidential and completely sensitive patent license for hybrid electric vehicles" that "contain[s] the competitively sensitive terms of confidential licenses." (Dkt. No. 8-1). OBC cites *Powertech Tech. Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2012 WL 3283421, at *2 (N.D. Cal. Aug. 10, 2012) for the proposition that a license agreement may be properly sealed in its entirety.

Once again, OBC asks for too much. As discussed, the weight of the authority and the Local Rules provide that requests to seal should be narrowly tailored to include only sensitive, confidential business information. *See*, *e.g.*, *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-CV-01846 LHK, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) (denying Apple's motions to seal entire license agreements without a showing of particularized harm that would result from release of information that does not qualify as "trade secrets"); *Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, C 12-1971 CW, 2013 WL 4049686, at *2 (N.D. Cal. Aug. 8, 2013) (denying Plaintiff's motion to seal entire license agreement); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 5289493, at *2 (N.D. Cal. Oct. 25, 2012) (affirming magistrate judge's denial of third party's motion to seal an entire document summarizing licensing negotiations that included information that "clearly . . . should not be kept under seal").

The agreement that OBC seeks to seal contains boilerplate provisions -- including Articles 9, 11, 12, and 13 -- that are unlikely to be construed as "trade secrets" or information that could "harm a litigant's competitive standing." *See In re Electronic Arts, Inc.*, 298 Fed. App'x. at 569. It appears that OBC could redact all sensitive information in the agreement, including pricing terms, royalty rates, minimum payment terms, and any other detailed product-specific financial information that could harm OBC's competitive standing.

6

As with the arbitration awards, OBC may renew its motion to seal a redacted version of the OBC-SANYO Agreement, or provide a particularized showing of harm that would result if the other terms of the agreement were disclosed.

## CONCLUSION

The Court grants in part and denies in part OBC's Administrative Motion to File Under Seal.  OBC's motion to file the Amended Petition under seal is granted.  OBC's motion to file Exhibits A-C to the Amended Petition under seal is denied without prejudice.  If, within **seven** days of the date of this order, Plaintiff has not filed a renewed motion to file the arbitration awards and OBC-SANYO Agreement under seal, the unredacted version will be filed in the public record.

**IT IS SO ORDERED.**

Dated: June 16, 2014

_____
JAMES DONATO
United States District Judge