1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    OVONIC BATTERY COMPANY, INC.,

              Plaintiff,                        Case No.  14-cv-01637-JD

8

        v.                                      **ORDER GRANTING PETITION TO**
9                                               **APPROVE ARBITRATION AWARD**
                                                **AND GRANTING RENEWED**
10   SANYO ELECTRIC CO., LTD,                   **ADMINISTRATIVE MOTION TO FILE**
                                                **UNDER SEAL**
              Defendant.
11                                              Re: Dkt. No. 17

12

13                                  **INTRODUCTION**

14          On April 9, 2014, Petitioner Ovonic Battery Company, Inc. ("OBC") filed a Petition to

15   Confirm Arbitration Award and Enter Judgment Against Respondent Sanyo Electric Co., Ltd.  Dkt

16   No. 1.  On April 11, 2014, OBC filed an Amended Petition and an Administrative Motion to File

17   Under Seal the Amended Petition and its exhibits.  Dkt. No. 8.  On June 16, 2014, the Court

18   granted in part and denied in part the Administrative Motion to Seal.  Dkt. No. 16.  On June 23,

19   2014, OBC filed a Renewed Administrative Motion to Seal.  Dkt. No. 17.  On July 9, 2014,

20   SANYO filed a response to OBC's Amended Petition.  Dkt. No. 21.  The Court grants OBC's

21   petition.

22                                  **BACKGROUND**

23          OBC owns patents on commercial nickel-metal hydride ("NiMH") battery technologies,

24   which have a number of applications ranging from portable batteries (*e.g.*, AA, AAA, etc.) to

25   hybrid electric vehicles ("HEVs").  Dkt. No. 17, Ex. 3.  OBC has licensed its patents to many

26   producers of NiMH batteries, including SANYO.  *Id.*  OBC claims that SANYO manufactures and

27   sells HEV batteries under a royalty bearing license from OBC (the "OBC-SANYO Agreement"),

28   and that on May 16, 2012, SANYO repudiated its obligations to pay royalties under the OBC-

United States District Court
Northern District of California

United States District Court
Northern District of California

SANYO Agreement.  *Id.*  After the parties were unable to resolve the dispute informally, they agreed to arbitration under the OBC-SANYO Agreement.  *Id.*  After five days of hearings and pre- and post-hearing briefing, the arbitration panel ("Panel") issued interim and final awards in favor of OBC.  *Id.*

OBC petitions the Court, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm the arbitration awards, enter judgment on the final award, and award attorneys' fees associated with this filing.  *Id.*  The Panel's interim award, (Exhibit C), states that:

> [SANYO] is obligated to pay [OBC] the royalties set forth in Articles 4 and 5 of the HEVB License Agreement from November 30, 2011, for the life of that Agreement. [SANYO] is specifically ordered to provide an accounting to [OBC] of the royalties due from November 30, 2011, to the present, plus the interest of 10% on each payment from the due date of each to the date that the payment is made, and is ordered to make those payments.

Dkt No. 17, Ex. 3 at 58.  The Panel's final award, (Exhibit B), incorporates the provisions of the interim award and also requires SANYO to pay sums of $1,598,049.03 for fees, costs, expenses and $162,307.48 for compensation and expenses of the arbitrators.  *Id.* at 39.

OBC also requests that certain portions of its OBC-SANYO Agreement, portions of the final award and portions of the interim award be filed under seal.  *Id.* at 8.  On April 11, 2014, OBC filed an initial administrative motion to seal.  Dkt. No. 8.  The Court granted in part and denied in part the motion to seal on the grounds that the proposed redactions were not narrowly tailored to only include sealable material under Civil Local Rule 79-5.  Dkt. No. 16.  On June 23, 2014, OBC submitted a renewed administrative motion to file under seal with revised redactions.  Dkt. No. 17.

## DISCUSSION

### I.     Petition to Confirm Arbitration Award

The Court has jurisdiction to confirm the petition under 9 U.S.C. § 9.  A court's review of an arbitration award under the FAA is "'both limited and highly deferential.'"  *Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003) (citing *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir.1996)).  A court must confirm an arbitration panel's award unless one of the following four exceptions applies:

1    (1) where the award was procured by corruption, fraud, or undue
     means;
2    (2) where there was evident partiality or corruption in the arbitrators,
     or either of them;
3    (3) where the arbitrators were guilty of misconduct in refusing to
     postpone the hearing, upon sufficient cause shown, or in refusing to
4    hear evidence pertinent and material to the controversy; or of any
     other misbehavior by which the rights of any party have been
5    prejudiced; or
     (4) where the arbitrators exceeded their powers, or so imperfectly
6    executed them that a mutual, final, and definite award upon the
     subject matter submitted was not made.
7

8    9 U.S.C. § 10(a).

9        Neither party suggests that any of the above exceptions apply.  Moreover, SANYO does

10   not oppose the Court's entry of an order confirming the panel's final award and judgment against

11   it in conformity with that award.  *See* Dkt. No. 21.  In light of SANYO's non-opposition to the

12   petition, and because none of the exceptions to enforcing the arbitration panel's award applies, the

13   Court grants OBC's Amended Petition to Confirm the Arbitration Award.

14       OBC also requests that the Court "award [] its attorneys' fees and costs in seeking this

15   relief as well as for any post-judgment enforcement proceedings."  Dkt. No. 17, Ex. 3 at 8.

16   Generally, "absent contractual or statutory authorization, a prevailing litigant ordinarily may not

17   collect attorneys' fees."  *Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707

18   F.2d 425, 428 (9th Cir. 1983) (citing *Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus.,* 694

19   F.2d 203, 204 (9th Cir. 1982)).  A court may assess attorneys' fees, however, "when the losing

20   party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Id.* (citing *Alyeska*

21   *Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258-59, 95 S.Ct. 1612, 44 L.Ed.2d 141

22   (1975)).

23       OBC has not provided any authority to support its request for an award of attorneys' fees

24   or alleged that SANYO acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

25   Because the Court has not been provided any ground to justify an award of attorneys' fees, the

26   Court denies OBC's request.

27

28

United States District Court
Northern District of California

## II.   Administrative Motion to File Under Seal

In our circuit, in evaluating a motion to seal, two different standards apply depending on whether the request is being made in connection with a dispositive motion or a non-dispositive motion.

For dispositive motions, the historic "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).  This standard presents a "high threshold," and "a 'good cause' showing will not, without more, satisfy" it. *Id.* at 1180 (citations omitted).  When ordering sealing in this context, the district court must also "articulate the rationale underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

The non-dispositive motion context is different.  There, "the usual presumption of the public's right of access is rebutted," the "public has less of a need for access to court records attached only to non-dispositive motions," and the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179-80 (citations omitted).  In that context, materials may be sealed where the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In our district, in addition to meeting the applicable standard under *Kamakana*, all parties requesting sealing must comply with Civil Local Rule 79-5, including that rule's requirement that the request must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable").  Civ. L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

The Court's previous order concluded that a petition to confirm an arbitration award is dispositive. *See* Dkt. No. 16.  In its Renewed Administrative Motion to File Under Seal, OBC re-submitted exhibits to its Amended Petition that are redacted.  OBC contends that compelling

4

reasons exist to seal the narrowly tailored redactions in those documents, which seal only confidential terms of license agreements and payment terms under those license agreements.  Dkt. No. 17 at 1-2.  The Court finds that OBC has demonstrated that compelling reasons exist to grant the narrowly tailored redactions in Exhibits A, B, and C to the Amended Petition, which only redact sealable information under Civil Local Rule 79-5.  Accordingly, the Court grants Petitioner's Administrative Motion to File under Seal:

| Document | Portion(s) To Be Filed Under Seal |
|---|---|
| Exhibit A (OBC-SANYO Agreement) | Portions of Articles 2, 3, 4, 5, 6, and 15 |
| Exhibit B (final award) | Portions of pages 4 and 6 |
| Exhibit C (interim award) | Portions of pages 3, 5, and 6 |

## CONCLUSION

The Court confirms the Panel's final award, which incorporates the interim award, and enters judgment against SANYO in conformity with the final award.  SANYO is ordered to comply with the final award.

**IT IS SO ORDERED.**

Dated: July 24, 2014

_____
JAMES DONATO
United States District Judge